GILLETT, Respondent, v. WIMER *et al.*, Appellants.

1. Where the facts in evidence will warrant it, it is proper to instruct a jury that they are *authorized* to reject the whole of the testimony of a witness who has wilfully sworn falsely with regard to any material fact.

*Appeal from St. Louis Court of Common Pleas.*

The facts sufficiently appear in the opinion of the court.

*P. E. Bland,* for appellants, cited State v. Mix, 15 Mo. 153 ; Dunlap v. Patterson, 5 Cow. Rep. 243 ; 1 Devereux, 508 ; Newell v. Wright, 8 Conn. 323 ; The Santisima Trinidad, 7 Wheat. 283 ; The Nereide, 9 Cranch, 416–17.   See also Keiser et al. v. Moore, 14 Mo. 28, 33.

*Knox & Kellogg,* for respondents, cited State v. Anderson (19 Mo. 245).

RYLAND, Judge, delivered the opinion of the court.

The only question considered material in this case is the one arising from the refusal of the court below to give the following instruction asked for by the defendants : " If the jury believe from the evidence that the witness (Cross) wilfully testified falsely with regard to any material fact, they are authorized to discard the whole of his testimony."   From the record, we see that there was but one witness for the plaintiff, the witness Cross ; and that his testimony was contradicted by other witnesses, on the part of the defendants.  So the instruction was not merely an abstract one, but was authorized by the evidence. Was it lawful, then, to give it ?   This question was before this court in the case of the State v. Mix, (15 Mo. 153,) and a similar instruction was decided to be proper, and that it was error to refuse to give it.   The decision in this case of the State v. Mix we consider as declaratory of principles well established, and therefore the court below erred in refusing to give the jury the instruction.

It has been said, that, if witnesses concur in proof of a material fact, whatever may be the other contradictions in their testimony, they ought to be believed in respect to that fact.  That position may be true under circumstances ; but it is a doctrine which can be received only under many qualifications, and with great caution.   If the circumstances respecting which the tes-

timony is discordant be immaterial, and of such a nature that
mistakes may easily exist, and be accounted for in a manner
consistent with the utmost good faith and probability, there is
much reason for indulging the belief that the discrepancies
arise from the infirmity of the human mind, rather than from
deliberate error. But where the party speaks to a fact in respect
to which he can not be presumed liable to mistake—as in rela-
tion to the country of his birth, or his being in a vessel on a par-
ticular voyage, or living in a particular place,—if the fact turn
out otherwise, it is extremely difficult to exempt him from the
charge of deliberate falsehood. Courts of justice, under such
circumstances, are bound, upon principles of law and morality
and justice, to apply the maxim, *falsus in uno, falsus in om-
nibus.* What ground of judicial belief can there be left when
the party has shown such gross insensibility to the difference
between right and wrong, truth and falsehood? (The Santi-
sima Trinidad, 7 Wheat. 338-9, per Story, J.) We think
that, in order to enable the jury to understand their rights and
privileges, and do justice to the parties, wherever the testimony
calls for such an instruction, the courts ought to give it. The
jury are to weigh the evidence, the manner of detailing it by
the witnesses, and to give it such credence as in their opinion
it deserves. We do not say that it would be error for the court
below to refuse to instruct a jury in such cases to reject the
testimony of the witness entirely. Such instruction had better
never be given; but it is the duty of the court to let the jury
weigh the evidence, and to advise or instruct them that they are
authorized to reject or to believe such portions of it as, in their
minds, accord with the truth. It is for the jury to believe or
disbelieve—the court can not tell them how much.

In this case, there being a contradiction of the only witness
for the plaintiff, and that, too, in a matter material to the mer-
its of the controversy between the parties, the court ought to
have given the instruction asked for by the defendants. The
judgment below is reversed, and the cause remanded; the other
judges concurring.