THE STATE, Defendant in Error, v. DWIRE *et al.*, Plaintiffs in Error.

| 25 | 553 |
|---|---|
| 103 | 210 |
| 25 | 553 |
| 107 | 161 |
| 25 | 553 |
| 49a | 589 |
| 25 | 553 |
| 5ôa | 426 |

1. Where the facts in evidence will warrant it, the court should instruct the jury that they *may* reject the whole of the testimony of a witness who has wilfully sworn falsely in regard to any material·fact.

*Error to St. Louis Criminal Court.*

*L. M. Shreve,* for plaintiffs in error.

*C. G. Mauro,* (circuit attorney,) for the State.

RICHARDSON, Judge, delivered the opinion of the court.

The defendants were indicted for a riot that occurred at a fire in the city of St. Louis. One of the witnesses called by the State testified that he saw three of the defendants present participating in the riot, and on his cross-examination, in answer to a question put by defendants, he denied that he had stated to two persons, whose names were given, that he had not seen Dwire at the fire—one of the defendants whom he had implicated. The defendants afterwards introduced the persons referred to in the question, who contradicted the witness, and testified that, at the time and place indicated in the question, he told them that he had not seen Dwire on the night of the fire.

At the close of the evidence the court refused an instruction, asked by the defendants, to the effect that if the jury believe from the evidence that the witness' wilfully testified falsely to any material fact in the trial, *they were authorized* to discard the whole of his testimony.

The instruction did not assert a mere abstraction, but was warranted by the state of the evidence in the case; and being drawn in the words of an instruction approved by this court, in Gillett v. Wimer, 23 Mo. 77, it ought to have been given. The facts in evidence that will warrant this instruction are not necessarily such as even to create a suspicion in the mind of the judge that the witness has knowingly sworn falsely to any material matter; for it may often happen that his evidence will be received with perfect confidence in its truth, while that of his assailants will be disregarded. But when a witness is contradicted in a material fact, it is for the jury to pass on his credibility, and the party against whom the evidence is given is entitled to the declaration of law from the court contained in the refused instruction. Other witnesses implicated the defendants, but this court can not tell how far the verdict was influenced by the testimony of this witness; and though the jury may believe that he had not been successfully contradicted, the judgment must be reversed because the defendants were denied the benefit of an established rule of evidence, to be declared in the form of an instruction, and which they were entitled to for whatever it was practically worth.

In my opinion, if the jury believe that a witness has wilfully testified falsely in respect to any material fact, it is their *duty* to disregard the whole of his testimony, and they should be so instructed by the court; but the other members of this court think that the jury ought only to be told that they *may* do what I think they are *bound* to do; and whilst they concur in the reversal of this judgment because a case was presented for the application of the principle contained in the instruction, they think the word " authorized" is equivocal, and should not be used in this connection, because it may imply

to the jury that they are required to do only what they are at liberty to do.

The judgment will be reversed and the cause remanded.