<hr />

RICHARD AMMERMAN

*v.*

ROBERT TEETER.

1. NEW TRIAL—*verdict against the evidence.* In this case a new trial was awarded on the ground that the verdict was against the evidence.

2. INSTRUCTIONS—*naming a witness—and directing the attention of the jury to his conduct while testifying.* An instruction is not objectionable for the reason merely that it points out a witness by name, and directs the jury to take into consideration his conduct while testifying, as affecting his testimony. Where such an instruction is given, this court will presume that the manner of the witness justified and called for it.

APPEAL from the Circuit Court of Iroquois county; the Hon. CHARLES H. WOOD, Judge, presiding.

The opinion fully states the case.

Messrs. BLADES & KAY, for the appellant.

Messrs. ROFF & DOYLE, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This controversy arises on small accounts of the parties. Appellant claims that appellee owes him a few dollars, while appellee insisted he owed him nothing over and above the seven dollars which he tendered before suit was brought. Before the justice of the peace it seems, from the statements of appellee in giving his testimony, that he recovered a judgment of nine dollars. On the trial of the appeal in the circuit court the jury found a verdict in favor of appellee. Appellant brings the case to this court alone on the bill of exceptions by stipulation, and urges a reversal because the evidence fails to sustain the verdict, and because of the instructions given. We have looked into the bill of exceptions in connection with appellant's argument, appellee having filed none which has come to our hands.

Taking the evidence in its most favorable light to appellee, we are unable to see, even if we should include the seven dollars tendered, and which he says was left with the clerk for appellant, that he has paid the latter his due by seven or eight dollars. It appears that after the account of appellee had run for some time, appellant offered to pay twenty dollars in full, and after hesitation, appellee, a few days subsequently, accepted that sum. Appellant proved his account, which had accrued subsequently to that date, amounting to about thirty dollars. To meet this, appellee proved that he had furnished appellant some pie-plant, which, according to his own statement, could not have amounted to more than perhaps five dollars, and he paid appellant five dollars, and at his request paid Freeman six dollars, which would in the aggregate amount to sixteen dollars, to which, if we add the seven dollars left with the clerk as the tender, there would still be a balance due appellant.

If we were to allow five dollars per day for the labor performed by appellee in working on the artesian well and in harvesting the millet, the three dollars for removing the tools, pie-plant, money paid, and the seven dollars tendered, then the accounts would be about square. But we have seen that

51—49th Ill.

appellee received twenty dollars in full for the labor on the well, in saving the millet, and for removing the well tools, by which he deducted eight dollars, and the evidence did not warrant the jury in allowing that sum on the trial below, and in doing so they manifestly acted against the evidence of a settlement of accounts up to that time. In this there is error.

The third of appellee's instructions is objected to because it names appellee and informs the jury that if they believe that he manifested anxiety to tell more than asked, and was ready to answer questions propounded by his own attorney, and was reluctant to answer questions asked by the opposite attorney, the jury might consider those facts in connection with his interest in the result of the suit, for the purpose of determining the weight to which his evidence was entitled. We perceive no error in the instruction. If such was his manner and action, it was the duty of the jury to consider it as affecting his testimony. The instruction left it to the jury to say whether such was the case, and as intelligent men, we must conclude that they were capable of determining the question, and would not discredit his evidence simply because the question was left to them for determination. It might be preferable to so frame an instruction as not to name the witness. But we must presume that the judge trying the case would not give such an instruction unless the manner of the witness justified and called for it. We discover no error in giving this instruction, but for the error indicated, the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*