## WARNER *v.* ROTH.

CONDITIONAL SALES.—In sales of personal property, when by the terms of the contract of sale the title does not pass until payment is made, and in the meantime the property is to remain the property of the vendor, who, in case of default in payment has the right to repossess himself of and to remove it without legal process, the vendor may reclaim it, even though it be in the hands of a third party, who takes it in good faith and without notice.

IDEM.—The contract does not have to be acknowledged and filed with the county recorder under sections two and three of chapter twenty of the Compilation, relating to chattel mortgages, as it does not come within the provisions of sections one and six of that act. The instruments contemplated by these sections, simply create collateral security in one party upon the property of another.

ERROR to the District Court of Laramie County.

The facts are stated in the opinion.

*Johnson & Potter*, for plaintiff in error.

It seems to have been admitted, and at any rate it is a sound proposition of law, that the vendee of personal property may stipulate that the title to the property shall remain

in the vendor until the performance of certain conditions, although the vendee takes possession of the property. And this stipulation leaves it the property of the vendor, so that he can recover it, even from third parties, who purchase from vendee in good faith and without notice. Benjamin on Sales, sec. 320 and note D; 2 Kent (12th ed.) page 498 and note 1; *Ballard* v. *Burgett*, 40 N. Y., 314; *Baker* v. *Hall*, 15 Iowa, 237; *Dunbar* v. *Rawles*, 28 Ind., 225; *Deshon* v. *Bigelow, et al.*, 8 Gray, 159; *Bailey* v. *Harris*, 8 Iowa, 331; *Sargent et al.* v. *Metcalf*, 5 Gray, 306; *Coggill et al.* v. *Hartford & New Haven Railway*, 3 Gray, 545; *Sargent et al.* v. *Gill*, 8 N. H., 325.

It follows then, that under well established principles of law, the title to the safe in question never passed from the plaintiff in error to C. F. Unfug & Bro., and that the latter never owned the property, but simply held it by virtue of an executory agreement, their part of which was never performed, and they could convey no title by a sale. It is however, claimed that the order in question should have been filed in the county clerk's office in order to bind third parties.

Chattel mortgages and all such bills of sale, deeds of trust and other conveyances of personal property as shall have the effect of a mortgage or lien upon such property, must be filed in the county clerk's office, or the rights of third parties would not be affected under the statute then in force. Compiled Laws of Wyoming, page 176, or section 6 of the chattel mortgage act.

The order for the sale of the safe is certainly not a chattel mortgage. Herman on Chattel Mortgages, sec. 15; *Dunbar* v. *Rawles*, 28 Ind., 225; Chicago L. News, of Dec. 2, 1876. It not being a chattel mortgage, then it is not covered or controlled by the statute in relation to chattel mortgages above referred to unless it be:

1. Either a bill of sale, deed of trust or some other conveyance of personal property.

2. And in addition thereto, it must have the effect of a

mortgage or lien upon such property. Thus two separate or distinct things are neccessary before it comes under the purview of the statute. Comp. L. of Wyo., page 176. It is admitted by the court below, that the order in question is neither a bill of sale nor a deed of trust of personal property, and there can be no doubt but that the view of the court in that regard is correct. Findings of court, Trans. page 21, lines 4 to 8 in Chicago L. News, Dec. 2, 1876. It being settled that it is neither a bill of sale nor deed of trust, then before the court can consider whether or not it has the effect of a mortgage or lien, it must be determined whether or not it is covered by the general words of the statute : " Or other conveyances of personal property." The proposition can hardly be disputed that the order is not a conveyance of personal property, or of anything else. There can be no conveyance of property unless title passes. When any particular or specified thing is not mentioned or enumerated in a statute, the courts cannot assume the power of the legislature and construe it as governed by the statute unless it is clearly and unmistakably covered thereby. Nothing can be presumed to be controlled or meant by the statute, unless the intention is so clear and positive that no other reasonable construction can be placed upon it. *Bradbury* v. *Wagenhorst,* 54 Pa., St. 180 ; Estate of Tickner, 13 Mich., 44. It is a well established rule of construction, that general and unlimited terms in a statute are restrained and limited by particular recitals when used in connection with them, or in other words, when general words follow an enumeration of words of a particular or specific meaning, such general words are held as applying only to persons and things of the same kind as those that are designated by the particular words ; and applying this rule of construction to the section of the statute mentioned, the words " or other conveyance of personal property " must be held to refer to things like unto or of the kind of specific things mentioned just before, to wit : Bills of sale and deeds of trust. 2 Pars. on Cont., page 502, and note ; *Sandiman* v. *Beach,* 7 B. and C.,

96. It might be stated as a general proposition then, that the order which it is claimed should have been filed, not being one of the things covered by section 5 referred to, does not come under the provisions of the statute, and its filing was unnecessary. Chicago L. News, Dec. 2, 1876. The order cannot have the effect of a lien or mortgage. The very nature of a lien or mortgage presupposes title or property in another than the one having the lien or mortgage.

A person cannot acquire a lien upon his own property. The right which every person has to take his own property wherever he finds it, and from the possession of whomsoever has it, does not partake of the nature of a lien or mortgage, and has not that effect. A lien or mortgage upon property is the security of one person upon the property of another for the payment of a debt or obligation of the latter. Chicago L. News, Dec. 2, 1876; *Bailey* v. *Harris*, 8 Iowa, 331; *Dunbar* v. *Rawles*, 28 Ind., 225; Schooler's Pers. Prop., page 535; *Plummer* v. *Sherley*, 16 Ind., 380; Herman on Chat. Mort., page 61 and 26; Benjamin on Sales, sects. 796, 797, and notes.

In the case in controversy there was no lien or mortgage held by one upon the property of another. There was simply an agreement, that when certain conditions are performed by one, the other will transfer certain property to him. But there is another question in this case which demands consideration.

The court below rendered judgment against the plaintiff and in favor of the defendant for ten dollars damages, without any proof or evidence in the whole case that the defendant had suffered any damage whatever. And the court had no right to assume any fact to exist that was not proven or admitted, and to fix damages when none had been proven or even claimed, or attempted to have been proven.

*McLaughlin & Steele*, for defendant in error.

The question presented by the record depends largely

upon the construction of the statute of Wyoming Territory in reference to chattel mortgages, &c., chapter 20, Compiled Laws, pages 175, 176. The possession of property is *prima facie* evidence of ownership; it is not, however, denied that there may be a conditional sale of chattels, by which the title shall remain in the vendor until payment or performance of conditions by the vendee. As between the plaintiff in error and Unfug & Bro., the title to the safe might have been in Warner. But it is contended that the sale made was such that the defendant in error, Roth, could acquire title to the property as against the plaintiff in error. Section one of Chapter 20, Compiled Laws of Wyoming, provides that: "No mortgage on personal property shall be valid as against the rights and interests of any third person or persons, unless possession of such personal property be delivered to and remain with the mortgagee, or the said mortgage be acknowledged and filed as hereinafter directed." Subsequent sections provide for the filing of such mortgages in the office of the county recorder, before they shall be of any force or effect, as against any third person, with or without notice. Section six provides: "The provisions of this act shall be deemed to extend to all such bills of sale, deeds of trust, and other conveyances of personal property, as shall have the effect of a mortgage or lien upon such property.

The sale evidenced by the contract, was a conditional sale, the effect of which was to create a lien upon the property, for except for the written agreement, Unfug & Bro. would have had good title to the property by their purchase. The possession of personal property is *prima facie* evidence of ownership, and of a right to pass title to such property. The evident purpose and effect of our statute, is to require all such agreements in reference to personal property, as create a lien thereon in favor of any person not in possession, to be placed upon file and record, to be of any effect as against the rights of third persons. Benjamin on Sales, page 298, note. The court below so construed the stat-

ute, and we submit, that such construction is not only in furtherance of justice and the protection of the innocent, but amply justified by the language and purpose of the act.

That the right reserved by the vendor in a conditional sale is a lien, see *Kelsey* v. *Kendall*, 48 Vermont, 24; *Hervey* v. *R. I. Locomotive Works*, 3 Otto, 664. The rule is not uniform that title cannot be acquired from a vendee in a conditional sale. Many courts hold that a *bona fide* purchaser will be protected. *Wait* v. *Green*, 36 New York, 556; *Fleeman* v. *McKean*, 25 Barbour, 474; *Smith* v. *Lynes*, 1 Selden, 41; *Martin* v. *Mathiol*, 14 S. & R. Pa., 214; *Murch* v. *Wright*, 46 Ill., 487; *Rose* v. *Story*, 1 Barr., 190.

The question presented in the court below, was upon the construction of the statute, and we submit that the construction there given was the proper one, requiring nothing unreasonable upon the part of a vendor who places his vendee in possession of property, and allows him to appear to the world as the owner, and a construction which will be a protection to those who deal with the ostensible owners of property in reference thereto, without knowledge of secret trusts and conditions, and that the judgment of the court below sh... be affirmed.

PECK, J.  On the third day of March 1877, the plaintiff and C. F. Unfug & Bro. made at Cheyenne in this territory a written contract of sale by the former to the firm, of a safe upon the following terms: The safe to be shipped at Cincinnati by rail, and delivered to the firm at Cheyenne, and to be paid for by its note, due in four installments of forty dollars each, and severally on the 15th days of May, July, August and October of that year, less the freights, which the firm was to pay; the note to be forwarded to Warner at Rochester, New York, at the end of twenty days from the date of the invoice; if not so forwarded, the price to mature in thirty days from date of the bill; the title of the safe not to pass until payment had been so made, and in the meantime the safe to remain the property of Warner

who, in case of default in payment was to have the right to re-possess himself of, and to remove the safe without legal process. The contract was neither acknowledged nor filed with the county recorder. In accordance with the contract, the safe was delivered to C. F. Unfug & Co., at Cheyenne, in March of that year; they paid the freights and the first installment of $40, and afterwards and on August 4th of the same·year made an assignment for the benefit of their creditors, embracing the safe, and delivered it under the assignment to the assignees, who, as such, sold and deliver-ed it to Roth, the latter purchasing and taking possession, without notice of the contract existing between the firm and Warner, or that anything was due to the latter upon the safe. Warner subsequently demanded the safe from Roth, who refused to deliver it; and thereupon the former brought this suit, which is in replevin, claiming a recovery of the safe as owner, and as such, entitled to the immediate possession thereof; and the latter answered, claiming the ownership and the right of immediate possession. Upon these facts the district court rendered judgment for the de-fendant. He claims an affirmance upon either of two grounds; one, that at the common law, though the sale was conditional as between Warner and the firm, it was abso-lute as between Warner and himself; the other, that the effect of the condition was to reserve to Warner against his vendees nothing more than a lien, which lien could be pro-tected against third persons only by acknowledging the con-tract, and filing it with the county recorder, under and in pursuance·of sections 2, 3 and 6 of chapter 20 of the Com-pilation relating to chattel mortgages; and, therefore, that in any view the plaintiff cannot recover. If the intention of the parties to the contract of sale, as they have express-ed that intention, is to prevail, the passing of the property was conditional, the condition was not performed, and the title remains in Warner as fully as it would have remained in him had the contract not been made. According to the common law of England, such an intention would prevail,

and the sale would be conditional, completely protecting
the title in the vendor against his vendee, and creditors of,
and purchasers from him, and for that purpose clothing the
vendor with the full right of reclamation, and, therefore,
this sale completely preserved the title in Warner against
C. F. Unfug & Bro., and Roth, and clothed him with that
power of reclamation, whether Roth be considered as hav-
ing purchased from the firm through its assignees, regarded
as its agents, or as having taken title from the creditors of
the firm.   The common law of England, as found in Eng-
lish adjudications, subject only to the difference of con-
struction established by the supreme court of the United
States, subject also to the Federal constitution and statutes,
and the territorial statutes, is the law of this territory.   It
is as entire and distinct a body of jurisprudence, and is as
imperative upon the courts of this territory, as is the
French law, commonly known as, and correctly called the
*code civile,* an entire and distinct body of jurisprudence in
Louisiana, and imperative upon the courts of that state.
We can no more depart from the common law proper
than we can usurp; we can no more disregard it than
we can invent law; qualified as above explained, it is our
rule, and we are subject unto it; we sit here simply
to administer it; and this is the sum of the matter.
The decisions of the state and territorial courts of this
country can be consulted by us as illustrative of the com-
mon law proper, but cannot be accepted by us against that
law.   By no other rule can we keep within our functions;
by no other rule can we guard the jurisprudence of the
territory from becoming interwoven with, and falsified
by the endless divergencies and contradictions respecting
that law, that prevail and incessantly develop in the state
and territorial courts,— divergencies and contradictions
resulting in part from modification to local convenience, in
part from misconception.   The result is, that at the com-
mon law, Warner holds the title as against Roth.   Under
the rule above stated, it would not have affected the result
had it appeared that the drift of American decisions was

against the English common law as to conditional sales; but it is proper to remark that, with slight exceptions, they accord with that law.

Does the statute vary the result? If in order to protect the title in Warner against the creditors of, or purchasers from his vendees, the contract should have been acknowledged and filed under sections 2 and 3, it must have been because of sections 1 and 6. Section 1 provides that no chattel mortgage shall be valid against third persons, unless possession of the property be delivered to and remain with the mortgagee, or the mortgage be acknowledged and filed. Section 6 is: " The provisions of this act shall be deemed to extend to all such bills of sale, deeds of trust and other conveyances of personal property, as shall have the effect of a mortgage or lien upon such property. The instruments contemplated by these sections simply create collateral security in one party upon the property of another; consequently the contract of March 3, 1877, is not affected by the statute.

The judgment of the district court is reversed with costs, and with instructions to that court to proceed according to this opinion.

Judgment reversed.

FISHER, C. J., dissenting.