STATE OF MISSOURI, Respondent, *v.* HENRY ZUMBUNSON, Appellant.

### October 28, 1879.

Where, in a criminal prosecution, the attorney for the State, against defendant's objection, indulges in language calculated to excite prejudice in the mind of the jury, the fact that the trial court neglected to rebuke such language will not alone be sufficient ground for a reversal, if the case be otherwise correctly tried, and it appears that, under the law and the evidence, no other result than a conviction was possible without misbehavior of the jury.

APPEAL from St. Louis Criminal Court.

*Affirmed.*

J. G. LODGE, for appellant: The language used by counsel was a violation of all lawful privilege, directly calculated to prejudice the defendant, and is cause for a reversal. — *Ferguson* v. *The State*, 49 Ind. 33; *The State* v. *Smith*, 75 N. C. 306; *The State* v. *Reilly*, 4 Mo. App. 392; *The State* v. *Kring*, 64 Mo. 591.

L. B. BEACH, for respondent: "It is for the trial court to determine whether counsel transcends the limits of professional duty and propriety."—*The State* v. *Hamilton*, 55 Mo. 520; *The State* v. *Wieners*, 66 Mo. 13; *Loyd* v. *Railroad Co.*, 53 Mo. 509.

BAKEWELL, J., delivered the opinion of the court.

Defendant was convicted of grand larceny. The evidence tended to show that defendant, with George Bickel, Dat-

tlesweig, and Irwin, confederated together to defraud the prosecuting witness of two horses. Each played his part in the plot, and they were all present together assisting in the perpetration of the trick. These men induced the prosecuting witness to enter the sale-stable of one Honig, in St. Louis, and whilst they were engaged with him in a pretended bargain for the horses, which the prosecuting witness refused to part with except for cash, defendant, on the pretence that the horses had been exchanged with Zumbunson by the prosecuting witness, for a pair of mules, went off with the horses, and in effect then and there stole them.

On the part of the State, Thomas Dowling, a police-officer, testified that at the date of the larceny he was a police-officer of St. Louis, whose beat was the corner of Fifth and Carr Streets; that he knew Bickel, Dattlesweig, Irwin, and Honig; that Zumbunson was a " capper " in the employ of Honig, and that the men named were all in company together in the employ of Honig, at 1022 North Fifth Street, on the day in question; that he had seen the men in Honig's employ every day, and had on several occasions seen Honig give them money to go and " make caps."

In his closing address to the jury, the attorney for the State used the following language, against the objection of defendant:—

" The fellow belongs to the worst gang of horse-thieves that ever infested this or any other city. They are worse than burglars and highway robbers. They have done more to injure St. Louis than any other class of criminals that ever existed here. He belongs to a gang of horse-sharks of whom Dan Honig is the head. They have about ruined the horse trade here, and make it their business to rob every countryman that comes here. I thank God the gang is about broke up. You have it in your power to punish them now and vindicate the law. If you do not find defendant guilty, never do you dare complain when you hear of these robberies committed by this gang hereafter. If

you do not convict him, you say to them all, go on with your thieving and robbing ; we give you by our verdict a full license to do so."

Under our system of practice, the trial judge is not allowed to sum up, review the evidence, or call the attention of the jury to the real points in issue. The instructions given must be in writing, and given to the jury before the closing argument of counsel. Where counsel clearly exceeds the fair line of legitimate argument by unwarranted invectives, and especially where counsel, in argument to the jury, give facts or pretended facts bearing upon the case, assumed to be within the special knowledge of counsel, and as to which no evidence has been adduced on the trial, it is therefore the duty of the trial judge, when his attention is directed to this wrong, to administer such a rebuke as shall tend to do away with the injurious effect of so unfair a course of proceedings. It may be difficult exactly to adjust the line ; but admitting, as that is undisputed, that the remarks attributed to the prosecuting attorney are correctly set forth in the affidavits in the record, they seem directly calculated to excite an undue prejudice against the defendant. Whether such an effect was actually produced, the trial judge could determine better than we can. He heard all the witnesses, and the entire address of counsel on either side. The only conclusion to be derived from the record before us is that the law of the case was correctly given to the jury, and that, under the law and the evidence, no other result than a conviction was possible without misbehavior by the jury. Under these circumstances, we do not feel warranted in reversing the judgment for the omission of the trial court to rebuke counsel for the State for an impropriety of language in his closing address. The opinion of counsel as to the relative turpitude of the particular gang of " horse-sharks " with which defendant is shown to have acted, and as to the injury done by them to the city of St. Louis, is, after all, mere invective. To say that they had

ruined the horse trade of the city, and that they made it their business to rob every countryman coming to town, would be taken by men of ordinary common sense as the exaggeration of a speaker under the excitement of the moment. It is not as in the *Reilly Case* (4 Mo. App. 392), and in the case cited from North Carolina (*The State* v. *Smith*, 75 N. C. 306), where the prosecuting attorney rehearsed to the jury specific facts not in evidence, having nothing to do with the case, damaging to the prisoner, and within the knowledge of the prosecuting attorney from his official position.

Under the ruling in Missouri, we do not think that the mere fact that the remarks complained of, though objectionable and objected to, were not met at the time with a rebuke from the trial judge, furnishes a sufficient ground for the reversal of the judgment. It would have been safer to administer the rebuke called for by the objection of counsel for prisoner; but not to have done so seems not to be reversible error, even in a criminal case. *The State* v. *Hamilton*, 55 Mo. 520; *Loyd* v. *Railroad Co.*, 53 Mo. 509; *The State* v. *Wieners*, 4 Mo. App. 492; s. c. 66 Mo. 13; *The State* v. *Kring*, 1 Mo. App. 438; *The State* v. *Bickel* (*post*, p. 572).

The judgment is affirmed. All the judges concur.