## BUNCE v. McMAHON.

CONDITIONAL SALES — REPLEVIN — DEMAND BEFORE SUIT — INSTRUCTIONS — REMARKS OF COUNSEL — MISCONDUCT OF JURY — IMPEACHMENT OF VERDICT.

1. A defendant in replevin pleading ownership in himself, can not defeat a recovery under the pretense that he would have surrendered the property had demand been made.

2.  Demand is only necessary when required to terminate the right of possession in defendant, or to confer that right upon the plaintiff.

3.  Defendant alleging and insisting upon absolute ownership in himself, it is not necessary for the plaintiff to prove a previous demand.

4.  A sale of personal property under an agreement that the title shall remain in the vendor until full payment is valid; and the vendor, in case of default, can recover the property from a third person who has taken it in good faith and without notice — no statute requiring such sales to be in writing or recorded.  (Warner v. Roth, 2 Wyo., 63 followed.)

5.  The court having fairly presented to the jury certain questions in issue, if any further instructions with reference thereto were desired or deemed essential they should have been requested.

6.  An instruction is not erroneous which singles out a particular witness whose testimony has been contradicted, and states that if the jury believe from the evidence that such witness has wilfully sworn falsely as to any matter or thing material to the issues in the case, then the jury are at liberty to disregard his entire testimony, except in so far as it has been corroborated by other credible evidence or by facts and circumstances proved on the trial.

7.  A plaintiff in replevin claiming title by purchase from H., and the defendant claiming title by purchase from W., it appearing that prior to either purchase H. had given possession to W. under an agreement claimed by plaintiff to amount to a conditional sale only, the conditions of which had not been complied with by W.; and, after the sale by W. to the defendant, the plaintiff having also bought from W., it is immaterial whether the plaintiff acquired any right or not by his purchase from W.

8.  Remarks of counsel on argument to the jury to the effect that a bill of sale had connected with it a contract of such a vicious and damaging character that the opposite party was afraid to put it in evidence, and that it must be very bad when such party and his counsel were ashamed to show it, construed to amount only to an attempt to reflect upon the adversary because of an omission to introduce in evidence the paper under which he claimed title to personal property in controversy.

9.  When the remarks of counsel are confined to such an attempt, and the language used does not transcend professional propriety to such an extent as to injuriously affect the result, they are not ground for reversal of a judgment.

10.  Had counsel stated any prejudicial contents of the paper not in evidence, without any attempt of the court to correct him, upon objection being made, a case of reversible error would have been presented.

11.  A departure from strict propriety during the heat of argument can not require the vacation of a verdict by an appellate court, unless it appears that what was said is not only illegitimate but has been prejudicial.

12.  Affidavits of jurors can not be received to impeach their verdict.

13.  Such rule applied where one of the jurymen took from the court room into the jury room a paper writing which had been introduced in evidence, and portions of which were claimed by one party to have been written after its execution; the jury having inspected the paper during the trial, and testimony having been heard concerning the disputed parts, including that of some expert witnesses in handwriting. The affidavits did not state that the bringing of the paper into the jury room induced the verdict, but did state that it was examined and commented upon by the jury while deliberating on their verdict.

[Decided October 25, 1895. Commenced in District Court October 25, 1893.]

ERROR to District Court for Fremont County, HON. JESSE KNIGHT, Judge.

Action to recover the possession of specific personal property, by Thomas M. McMahon against Austin M. Bunce.

Upon the trial the plaintiff claimed that on November 2, 1891, Mrs. Himmelsbaugh made a conditional sale and delivery of the property to one Wilson, the title to remain in Mrs. Himmelsbaugh until payment by Wilson, the con-

sideration moving from Wilson being his agreement to build a house for Mrs. Himmelsbaugh in Lander the succeeding June; that Wilson did not build the house, and did not in any manner or at any time pay anything upon the purchase of the property in question; that on October 19, 1893, Wilson, wrongfully assuming to be the absolute and unconditional owner of the property, sold and delivered the same to the defendant, Austin M. Bunce; that on October 23, 1893, the plaintiff Mc Mahon, without knowledge of the rights of Mrs. Himmelsbaugh in the property, and without knowledge of the sale by Wilson to Bunce, purchased the property of Wilson, who, at the time, represented that he was the owner of the property, subject only to a lease made by him to Bunce on the 19th of October; that on learning of Mrs. Himmelsbaugh's rights in the property the plaintiff purchased the same from her, and thereafter brought this suit in replevin to recover possession from Bunce.

The defendant claimed, upon the trial, that the sale by Mrs. Himmelsbaugh to Wilson was an absolute and unconditional one, and that by his purchase from Wilson the defendant became the absolute and unconditional owner of the property. He claimed the right of property, however, whether the sale was absolute or conditional. It was claimed on his part, that if the sale had been conditional, the conditions had been waived, and could not be insisted on.

*Brown* and *Arnold* for plaintiff in error.

It was necessary for plaintiff below to prove demand for the property before suit. Boughton v. Bruce, 20 Wendell, 234; Root v. Bonnema, 22 Wis., 514; W. & W. Mfg. Co. v. Teetz Coff, 53 Wis., 211; Roach v. Bindee, 1 Colo., 322; Wood v. Cohen, 63 Am., Dec. 389, 6 Ind., 56; Connor v. Comstock, 17 Ind., 94; Torian v. Mc Clure, 83 Ind., 312; Roberts v. Norris, 67 Ind., 391; Campbell v. Jones, 38 Cal., 507; Peake v. Conlan, 43 Ia., 297; Chambers v. Winn., 2 Am., Dec., 713.

If the vendor of Bunce was a conditional vendee in possession, the latter, being a purchaser in good faith and for value, obtained the conditional title. (Sumner v. Woods, 42 Am. R., 104; Goss v. Coffin, 66 Me., 432.) It was the right of Bunce to pay to the ones who originally sold to his vendor, or to Mc Mahon who purchased from them the amount contracted to be paid, even after notice that the contract of sale was terminated, and after demand for either the payment or return of the property. (Nattin v. Riley, 14 S. W., 1100; Taylor v. Finley, 48 Vt., 78; Hutchins v. Munger, 41 N. Y., 155.) The failure of original owner to insist upon payment, was at least a waiver of default, and made the contract a continuing one that could be terminated only by notice and demand. Another reason why demand was required is that the vendor in a conditional sale may, on default, either recover the property or sue for the purchase price. The failure of original vendor to make any demand for three years that the conditional vendee perform his contract, was a waiver of his right as against an innocent purchaser. She did not in conversation with Bunce, the purchaser from his vendee, indicate that she still had an interest in the property, although the talk was about the property. That constituted a waiver. (Hall v. Timlan, 14 S. E., 745; Tufts v. Wayne, 45 Mo., App., 42; 12 L. R. A., 700.) The instruction singling out a witness, and charging the jury that if he had sworn falsely, his entire testimony could be disregarded unless corroborated, was erroneous. (Thompson on Tr., Sec. 2423, 2425; State v. Stout, 31 Mo., 406; State v. Cushing, 29 Mo., 215; State v. Mc Davitt, 69 Ia., 549; People v. Casey, 65 Cal., 260.)

The conduct of the jurors in taking into the jury room the bill of sale which was claimed to constitute the evidence of the original sale, and some parts of which were disputed, was erroneous, and this is not a case where the rule applies that a juror shall not be permitted by affidavit to discredit his verdict. Thompson on Tr., Vol. 2, page

1945, and cases cited; Kuirdnier v. Shields, 70 Ia., 428; McLeod v. Ry. Co., 11 Ia., 138; Bulen v. Granger, 58 Mich., 274; Hix v. Drury, 5 Pick., 297; Short v. West, 30 Ind., 367; Lotz v. Briggs, 50 Ind., 346; Toohey v. Sarvis, 78 Ind., 474; Thompson on Tr., page 1946; Alger v. Thompson, 1 Allen, 453.

*Lacey* and *Van Devanter*, for defendant in error.

That no demand was necessary to have been proved in this case is amply shown by the following authorities: Smith v. McLean, 24 Ia., 322; Homan v. La Boo, 1 Neb., 210; Pyle v. Warren, 2 id., 241; Ogden v. Warren, 36 Neb., 715; Raper v. Harrison, 37 Kan., 243; Chapin v. Jenkins, 50 id., 385; Greenawault v. Wilson, 52 id., 109; Myrick v. Bill, 3 Dak., 284; Guthrie v. Olson, 44 Minn., 404; Miller v. Adamson, 45 id., 99; Seattle Bk. v. Meerwaldt (Wash.), 36 Pac., 763; Lamping v. Keenan, 9 Colo., 390; 12 Pac., 434; Perkins v. Barnes, 3 Nev., 557; Lewis v. Smart, 67 Me., 206; O'Neil v. Bailey, 68 Me., 429; Newall v. Newall, 34 Miss., 386; Eldred v. Oconto Company, 33 Wis., 140; Felton v. Hales, 67 N. C., 107; Cobbey on Replevin, Secs. 448, 450, 451, 459, 467, 474; Wells on Replevin, Sec. 78; Ingraham v. Baldwin, 9 N. Y., 45; Smith v. Ogg Shaw, 16 Cal., 88.

Conditional sales are upheld against the conditional vendee (Gregory v. Morris, 1 Wyo., 213) and against bona fide purchasers for value (Warner v. Roth, 2 Wyo., 63).

Assuming that Bunce succeeded to all the rights of the conditional vendee, what were those rights? The conditional vendee in possession had paid nothing, the day of payment had passed; and he was also holding in hostility to the superior title. His possession was therefore wrongful. Bunce therefore succeeded to such wrongful possession and continued to assert a claim of absolute ownership. He did not, on the trial, assert a right to pay the amount originally contracted for. One can not be an

absolute owner and conditional vendee at the same time. Neither will he be permitted in the trial court to claim absolute ownership, and then in the appellate court claim protection as a conditional vendee. The question of estoppel was fully presented to the jury by the instructions, and the jury found for the plaintiff in that respect. The language of counsel in argument complained of was but a fair comment upon the action of the defense during the trial. Counsel and the jury were authorized to draw any reasonable inference from the conduct of the defense in the matter referred to.

The examination by the jury of the alleged bill of sale during their deliberations could not have been prejudicial. The genuineness of part of it was the principal question in the case. There is nothing prohibiting a jury from taking written exhibits of that character with them in their retirement. Affidavits of jurors will not be received to impeach their verdict. (1 Grenl. Ev., Sec. 252, a.; Thompson Tr., Sec. 2603; Thomp. & Mer. on Jurors, Sec. 414, 440; Hilliard New Tr. (2d Ed.), 240; 2 Graham & W. New Tr., 1428.) The instruction as to disregarding the entire testimony of a witness who swears falsely was not erroneous, although it mentioned a single witness. O'Rourke v. O'Rourke, 43 Mich., 58; Hitchcock v. Davis, 87 id., 629; Cole v. R. R., 95 id., 77; People v. Calvin, 60 id., 113; Gillett v. Wimer, 23 Mo.; State v. Dwier, 25 id.; Paulette v. Brown, 40 id.; Ammerman v. Teeter, 49 Ill., 400; Hirschman v. People, 101 id., 568; Rider v. People, 110 id.; Bressler v. People, 117 id., 422; Siebert v. People, 143 id., 571; Minich v. People, 8 Colo., 440; Rose v. Otis, 18 Colo., 59; Engmann v. Immel, 59 Wis.; Commonwealth v. Downing, 4 Gray; Cornelius v. Hambay, 150 Pa. St., 359; Herstine v. Lehigh, etc., Co., 151 id., 244; State v. Sterrett, 71 Ia., 386; St. Louis v. State, 8 Neb., 405; People v. Pemecky, 99 N. Y.; People v. Crowley, 102 id., 234; State v. Mc Lane, 15 Nev., 345; State v. Hing, 16 id., 307;

Faulkner v. Territory (N. M.), 30 Pac., 905; People v. Cronin, 34 Cal., 191; People v. Knapp, 71 id.; Haines v. Territory, 3 Wyo., 168; Reagan v. United States, 157 U. S., 301.

Potter, Justice.

Defendant in error, Mc Mahon, brought this suit in the district court of Fremont County to recover the possession of specific personal property, the same consisting of certain sawmill machinery.   A jury trial was had and a verdict rendered in which McMahon was found to be the owner of the property at the time of the commencement of the action and entitled to the immediate possession thereof. The property had been delivered to the plaintiff shortly after the suit was commenced upon his furnishing an undertaking as provided by statute.

The defendant below, plaintiff in error here, filed and presented his motion for new trial, which was overruled, to which exception was duly reserved, and he prosecutes this proceeding, claiming error occurring upon the trial and asking a reversal of the judgment and a vacation of the verdict.

Several errors are assigned, one of them being that the court erred in overruling the motion for new trial.

As far as a discussion of the points urged are deemed material they will be considered as far as practicable in the order in which they are presented in the briefs.

It is charged, in the first place, that the verdict is not sustained by sufficient evidence and is contrary to law; and it is urged that this charge is sustained by the fact that no demand for the possession of the property was made by Mc Mahon before bringing the suit; and demand it is claimed was necessary to entitle the plaintiff to recover for either of two reasons: 1, that where possession is obtained rightfully a demand is necessary before the institution of a replevin suit; and 2, that if plaintiff held title under one who was a vendor of a conditional sale, and

the defendant's title was derived by purchase from the vendee of such sale, the condition of such sale being an agreement that the title should not pass from the vendor until full payment for the property, a demand was required to divest the right of the defendant to possession.

The petition does not allege demand, but does allege absolute ownership and right to immediate possession and wrongful detention thereof by defendant.

The answer filed by defendant denied plaintiff's ownership, and the wrongful detention by defendant; and by a second defense, separately stated, alleges that the defendant is the owner and entitled to the immediate possession of the property in controversy; that he was the owner and in the rightful possession thereof, until deprived of such possession at the time of the commencement of this action. By way of cross petition he again sets up an allegation of ownership and right to possession, and asks for damages against the plaintiff and his sureties for the delivery of the property or its value, if the same can not be returned, and damages for wrongful detention by plaintiff; which wrongful detention, if any, it is apparent arose after the taking of the property under the order of delivery issued at the commencement of the action.

Each of the parties litigant upon the trial insisted that he was the owner and that he was entitled to possession as incident to that ownership. In a case which the pleadings here present, a previous demand was unnecessary. The principle as stated by one author is : "The rule "which requires demand is a technical one. The reason "of it is that the law presumes that the party in posses-"sion of property not his own, will respect the rights of "the true owner when informed of them, and that upon "demand being made he will surrender without suit. "But where defendant pleads ownership in himself he can "not defeat a recovery under the pretense that he would "have surrendered the property if demand had been "made." Cobbey on Replevin, Sec. 448. See also Secs. 447–450. This is well sustained by the authorities.

We perceive no distinction upon principle in the application of this rule, whether we consider either of the reasons urged in favor of the necessity of such previous demand.    A demand, in any case, is only necessary when it is required to terminate the right of possession in the defendant, or to confer that right upon the plaintiff; when, therefore, defendant not only alleges but insists upon absolute ownership in himself and his right of possession is claimed as incident thereto, a demand would have been futile; and the law will not require a useless thing to be done in such a case.

The property in controversy had at one time, it seems, been the property of a Mrs. Himmelsbaugh.   She sold to one Wilson, as alleged, under an agreement that the title to the property should remain in her until paid for.   Wilson had not paid any part of the purchase price.   The plaintiff bought of the Himmelsbaughs, and Bunce had purchased from Wilson.   The plaintiff, it seems, had also bought whatever right Wilson had at one time, it would seem after Wilson had sold to Bunce, but whether by that purchase he acquired any right or not is immaterial. That a sale of personal property, under an agreement that the title shall not vest in the vendee, but shall remain in the vendor until full payment, is valid, and that the vendor in such case can recover the property in case of default even though it be in the hands of a third party, who takes it in good faith and without notice, has been settled in this state by the case of Warner v. Roth, 2 Wyo., 63. The doctrine there announced accords with the weight of authority and we think it is well sustained by sound reason.    But, if not, it has become a rule of property in this State and should be followed.    The facts in this case arose and trial was had prior to the enactment of the recent statute requiring conditional sales to be in writing and recorded in order to affect third parties without notice.

Several instructions were given to the jury, some upon the request of plaintiff and others at the request of defendant.    It is urged that several of the instructions which

were given were erroneous. Objection is made to the following instruction given at request of plaintiff:

"The court instructs the jury that if you believe, from "the evidence in this case, that Mrs. Himmelsbaugh sold "the property in question to Wilson, under an agreement "that it was to be paid for at some future time, the own- "ership and title to the property to remain in Mrs. Him- "melsbaugh until the full payment of the purchase price, "then the full payment was a condition precedent, and "until a full performance, the property did not vest in "Wilson, and Bunce, his vendee, acquired no higher "rights than Wilson had, and you should so find, unless "you further believe that Mrs. Himmelsbaugh stood by "and wrongfully permitted a sale by Wilson to Bunce "without asserting her own title to the property or pro- "ceeding in any way against said sale."

This instruction is challenged on the ground that it excluded all idea of waiver of the condition by Mrs. Himmelsbaugh other than standing by and permitting the sale to Bunce without asserting her own title, and that no other instruction was given by the court touching the matter of waiver. Counsel, we think, are in error in this respect. At the request of defendant the following instruction was given:

"In this case, although you may believe from the evi- "dence that the Himmelsbaughs were the owners of the "property in question, and that the transaction occurring "between themselves and Wilson on Nov. 2, 1891, was "a conditional and not an absolute sale, and it was agreed "between them that the title should not pass until Wilson "should make payment therefor, yet, if you further "believe from the evidence in this case that the Himmels- "baughs voluntarily and knowingly permitted Wilson to "have possession of the property and to exercise such acts "of ownership over it, and to so use, manage, and con- "trol the property as to authorize and justify an ordinarily "prudent man in supposing that Wilson was in fact the "owner of the said property; and if you further believe

"that the defendant in good faith approached the said "Himmelsbaughs, offering to buy of them a portion of "the said property, and was thereupon informed by the "said Himmelsbaughs, or either of them, that they had "sold all of said property to Wilson, and that they had no "claim thereon; and if you further believe from the evi-"dence that the defendant thereafter in good faith bought "the property in question from Wilson supposing and "believing that the said Wilson was the owner thereof, "then I charge you, as a matter of law, that the Himmels-"baughs were thereafter estopped from setting up a claim "to said property as against the defendant, and could not "as against him convey a good title to said property by "means of the conveyance to him (plaintiff) by the Him-"melsbaughs or either of them."

Taking the two instructions together, the court fairly presented to the jury the question of estoppel or waiver, arising upon the testimony. If any further instruction with reference to waiver was desired or deemed essential by the defendant it should have been requested.

Exception was reserved to the following instruction given to the jury at the request of the plaintiff:

"The court instructs the jury that if the jury believe "from the evidence that the witness, Azil T. Wilson, has "wilfully sworn falsely on this trial as to any matter or "thing material to the issues in this case, then the jury "are at liberty to disregard his entire testimony, except in "so far as it has been corroborated by other credible evi-"dence or by facts and circumstances proved on the "trial."

This instruction is challenged on the ground that it is misleading and is error, and to support the theory that it is erroneous in itself some authorities are cited to the effect that it is error to single out a particular witness in an instruction of this character. Thompson on Trials, Sec. 2423, to which our attention is called, seems to sustain this contention by a statement contained in the text, but that learned author cites in support thereof only two

cases; viz., State v. Stout, 31 Mo., 406, and State v. Cushing, 29 Mo., 215. These two cases, however, were not in accord with previous decisions in Missouri, if they attempted to announce or hold the doctrine to sustain which they are cited — see State v. Mix, 15 Mo., 153; Gillett v. Wimer, 23 Mo., 77; State v. Dwier, 25 Mo., 553. In a later case than all of these, Paulette v. Brown, 40 Mo., 52, the decisions in State v. Mix, Gillett v. Wimer, and State v. Dwier are approved, and the authority of State v. Cushing, and State v. Stout, as establishing a contrary doctrine, is denied. The Missouri cases, therefore, by the construction placed upon them by the supreme court of that State do not agree with the contention of counsel for plaintiff in error. On the other hand, the authorities are numerous which sustain and approve such an instruction as is here challenged. In some of the cases, it is true, the witness thus singled out is the defendant on trial in a criminal case, but no distinction is apparently made between reference to such a witness and any other. O'Rourke v. O'Rourke, 43 Mich., 58; Hitchcock v. Davis, 87 Mich., 629; Cole v. L. S., etc., R. R., 95 Mich., 77; Ammerman v. Teeter, 49 Ill., 400; Hirschman v. People, 101 Ill., 568; Rider v. People, 110 Ill., 11; Minich v. People, 8 Colo., 440; Rose v. Otis, 18 Colo., 59; Cornelius v. Hambay, 150 Pa. St., 359; Engmann v. Immel, 59 Wis., 249; Herstine v. Lehigh, etc., Co., 151 Pa. St., 244; State v. Sterrett, 71 Ia., 386; St. Louis v. State, 8 Neb., 405; People v. Pemecky, 99 N. Y., 415; People v. Conley, 102 N. Y., 234; State v. McLane, 15 Nev., 345; People v. Knapp, 71 Cal., 1.

Our own court has taken a similar view: Haines v. Territory, 3 Wyo., 168; which case is cited with approval in Regan v. U. S., 157 U. S., 301.

The witness Wilson was contradicted in relation to some matters testified to by him, by other witnesses, and the instruction was not misleading nor improper. Such a rule, of course, applies to all witnesses, and it would have been entirely proper and perhaps a better practise

for the court to have added that the same rule would apply to any other witness who has wilfully sworn falsely concerning any material matter in controversy; but the failure to do so does not render the instruction here complained of erroneous, where there is occasion to use it.

It is also urged as a ground for reversal that the court erred in instructing the jury that it was not material whether McMahon at the time he purchased the property from Wilson did or did not know that Wilson had already sold or attempted to sell it to Bunce. The court did not err in giving that instruction: McMahon claimed title from Mrs. Himmelsbaugh and it was clearly immaterial whether he knew that Bunce had made an attempted purchase from Wilson or not.

Counsel for plaintiff in error also contends that the court erred in the giving of other instructions, which it is urged were erroneous because they assumed the existence of certain facts as proved and were therefore misleading. We have carefully examined the instructions thus complained of, and without quoting them here, it will be sufficient to observe that we can not agree with the position taken by counsel. The court assumed nothing as having been proved.

At the request of the defendant an instruction was given which plainly left to the jury the question of the weight of the evidence and the credibility of the witnesses; and they were instructed that they were the sole and exclusive judges thereof.

There was much conflict of testimony; and in view of the law applicable to the case, we think the jury arrived at a correct conclusion. The material point of conflict was whether or not the sale to Wilson was a conditional one. There was ample evidence to sustain the contention of plaintiff below that it was conditional. The jury so found, and, in our opinion, there is no such infirmity, if any, in the instructions, taken as a whole, as demands a vacation of the verdict.

During the argument to the jury one of the attorneys

for the plaintiff referred to a contract which had been offered in evidence by the defendant and excluded because the entire contract was not offered. We understand from the record that it was the bill of sale from Wilson to Bunce, with which was connected some kind of contract, which however, was not in evidence. Complaint is made of the language thus used in argument, such language being as follows: "The bill of sale from Wilson to Bunce "had connected with it a contract of such a vicious and "damaging character, the defendant was afraid to put it "in evidence;" and then adding, "a contract must be very bad when Bunce is ashamed to show it, and his counsel (naming him) is afraid to put it in evidence." Counsel was interrupted by the defendant's counsel and the court was asked to exclude such statement from the jury, and the request was overruled. The language complained of was not so much a statement of the contract or what it was or its contents, as an attack upon the motives of the defense in failing or refusing to introduce it in evidence. Bunce claimed under a sale from Wilson which it appears was evidenced by a written bill of sale. Under this, and this alone, the defendant deraigned whatever positive title he had to the property in controversy. The bill of sale which had been identified mentioned that the consideration of the sale was $950. "And other considerations "mentioned in a certain written agreement signed by the "said A. T. Wilson and bearing even date herewith." The contract thus referred to was not offered, and the offer to introduce the bill of sale was therefore denied. This, of course, all occurred in the presence of the jury. Just how far an attorney may go in argument is not always an easy question to determine. Certain rules are, however, well established. Had the contract, in fact, contained anything which would have been prejudicial to the defendant, and the attorney had stated in argument such prejudicial contents, without any attempt of the court to correct him, upon objection being made, thus bringing to the jury in an improper manner facts not in

evidence, and damaging to the defense upon the issues in the case, the action of the court could hardly have been sustained by an appellate court. The whole language, however,, which is before us, is, we think susceptible of one construction only, and that is, that it attempted to reflect upon the opposing party because of an omission to introduce in evidence the very paper under which he claimed title. If the remarks of counsel objected to are confined to this, and the language used does not transcend professional propriety to such an extent as to injuriously affect the result, it is not ground for reversal. Chambers v. Greenwood, 68 N. C., 274; Learned v. Hall, 133 Mass., 417; Gavigan v. Scott, 51 Mich., 373; Gray v. Burk, 19 Tex., 229.

Of necessity, in a matter of this kind, much must be left to the judgment and discretion of the trial court. As was said in the opinion in Chambers v. Greenwood, *supra*, "The mere manner of conducting the trial below is, and "ought to be, so much within the discretion of the trial "judge that an alleged irregularity must be palpable, and "the consequences important to induce us to interfere." The trial judge can better determine whether in any given case an undue prejudice has been actually produced by the language of counsel, if it goes beyond that which is legitimate. State v. Zunbunson, 7 Mo. App., 526 (86 Mo., 111). The attention of the jury might have been directed to the failure of the defense to introduce the bill of sale in evidence and counsel could have commented thereon without employing language calculated to cast personal approbrium upon parties or counsel; but every departure from strict propriety during the heat of argument can not require the vacation of a verdict by an appellate court, unless indeed it is entirely clear that it is not only illegitimate, but has been prejudicial. Taking the language objected to altogether, however, we are of the opinion, as already indicated, that it was only intended to assail the party defendant for refusing to introduce the paper and to draw legitimate conclusions therefrom, and that such only was

its effect.    In view of these considerations, and inasmuch as the jury reached a conclusion consistent with the facts, we think no error was committed in respect to this assignment.

But it is contended that the judgment should be reversed because of misconduct on the part of the jury, to prove which misconduct the affidavits of four of the jurors were attached to and filed with the motion for new trial.    The misconduct charged consists in the fact, as alleged, that after the jury had retired to consider the case, one of them visited the court room and returned to the jury room having in his possession the paper writing which had been introduced in evidence, and had in the trial been severally examined by the jurors, which was the paper claimed by the defense to have been signed by Joseph Himmelsbaugh and delivered to Wilson, under which it was claimed upon the trial that the sale to Wilson was absolute and not a conditional one.    Upon the trial considerable testimony was heard respecting this writing, and whether certain parts thereof were contained therein when signed and delivered, or had been written in afterward, including some testimony of expert witnesses in handwriting.    The words upon which much issue was raised were ''as I sold to him,'' which appeared at the end of the writing and before the signature, the remainder of the writing purporting to be an order to allow Wilson to take the property in controversy.    Himmelsbaugh denied that the name signed to the instrument was his.    The jurors had all inspected this writing during the trial; at least that is the claim, as appears by the affidavits of the jurors.    The affidavits referred to, after showing that this paper came into the jury room in the manner above described, state that it was then again examined, re-examined, and commented upon and argued about by the several members of the jury while deliberating upon their verdict, and before they had agreed upon their verdict, and was the main topic of discussion and consideration while so considering their verdict.    It is apparent from an inspection of the record and a considera-

tion of the theories upon which the case was tried, that much importance was attached to the contents of said paper, and whether, in its then condition, it was genuine, or had been altered. It was the only evidence, other than the testimony of Wilson, upon which the defense based its position that the sale to Wilson was unconditional. It must, therefore, have been one of the main topics of discussion in the jury room, whether it was present there or not. The affidavits do not state directly or indirectly that by reason of such re-examination a verdict was arrived at different from that which would have been reached otherwise, neither is it stated that the bringing of such paper into the jury room induced their verdict.

It is not clear that the court might not have the right to permit the jury to take the paper thus introduced in evidence with them upon their retirement, but we refrain from in any way deciding that question, as this matter must be disposed of upon other considerations. First, the affidavits of the jurors can not be received to impeach their verdict, and we are unable to distinguish this case from others, where that rule has been established or adhered to. The general doctrine is one which is too well established to require any elucidation or citation of authorities. Secondly, the affidavits, even if they were to be considered, fall far short of showing that any prejudice or injury resulted therefrom. Several assignments of error present exceptions to the admission of testimony. A recital here of each question objected to, and a separate discussion of the points thus severally involved, and the reasons governing our conclusion, will subserve no useful purpose. We therefore content ourselves with the remark, that we do not think the objections urged present any ground for disturbing the verdict.

*The judgment is affirmed.*

GROESBECK, C. J., and CONAWAY, J., concur.