William Edward Woods, Appellee, v. New York, Chicago and St. Louis Railroad Company, Appellant.

**Gen. No. 44,745.**

Opinion filed November 21, 1949. Rehearing denied December 2, 1949. Released for publication December 2, 1949.

WINSTON, STRAWN, SHAW & BLACK, of Chicago, for appellant; DOUGLAS C. MOIR, GEORGE B. CHRISTENSEN, and EDWARD J. WENDROW, all of Chicago, of counsel.

HARRY G. FUERST and SCHWARTZBERG & BARNETT, all of Chicago, for appellee; HARRY G. FUERST, of Chicago, of counsel.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Defendant appeals from a judgment for $40,000 entered on a verdict in a personal injury action brought under the Federal Employers' Liability Act (45 USCA secs. 51–59), Federal Safety Appliance Act (45 USCA sec. 11), and, by amendment made during the trial, the Federal Boiler Inspection Act (45 USCA sec. 23).

Plaintiff was injured in defendant's Fort Wayne, Indiana yard on November 14, 1946 at about 11:50 p. m. in the performance of his duties as a road brakeman, engaged with his crew, consisting of an engineer, fireman, conductor and another brakeman, in backing an engine and tender on a main track (O.P. Main) in order to couple to an interstate train made ready by yard switchmen for movement to Bellevue, Ohio by plaintiff's crew. The main track runs east and west and the engine was backing toward the west. A spur track came off the main track at an angle toward the south and west. Plaintiff was on a stirrup on the southwest corner of the tender. When close to the junction with the spur track he saw a coal car spotted near the main track and attempted to get around the corner of the tender to a wheel on the back. He was brushed off as the tender passed the coal car and sustained injuries for which he brought suit. Defendant admits its liability under the Federal Employers' Liability Act in failing to provide the plaintiff with a reasonably safe place in which to work and in failing to provide sufficient clearance between the spotted coal car and the moving engine and tender. It denies liability under the Safety Appliance and Boiler Inspection Acts. As defined by instructions to the jury given at plaintiff's request, defendant's liability under the first of the two Acts last mentioned is based on its alleged failure to provide efficient hand brakes on the coal car, and under the second Act upon its alleged failure to equip the rear of the tender with an efficient and properly focused light.

On appeal defendant's principal contentions are, that the court erred in giving instructions permitting recovery under the Safety Appliance and Boiler Inspection Acts because there is no evidence of the violation of either, and, that the damages awarded are excessive.

136

The testimony relating to the brakes on the coal car is limited to plaintiff's statement that on going to work around 9:15 to 9:30 p. m. he saw a coal car on the spur track about 10 feet from the switch and that a regular yard brakeman was setting the brake. As stated in *Meyers v. Reading Co.,* 331 U. S. 477, cited by plaintiff, there are two recognized methods of showing the inefficiency of hand brake equipment—adducing evidence to establish some particular defect, or, showing a failure to function, when operated with due care, in the normal, natural and usual manner. Plaintiff makes no claim under the first method. The evidence fails utterly to meet the requirements of the second. The court takes judicial notice that a car on a sloping track will move downward unless an efficient hand brake is properly applied or set. No inference of inefficiency of the brake can be drawn from the mere fact that plaintiff saw a switchman setting the brake—an incomplete operation—when the car was 10 feet from the switch and that several hours later the car was so near the main track as to interfere with the operation of engines and cars on it. It must first be shown that the brake was actually set, with due care and in a normal, natural and usual manner. It must also be shown that the slope of the spur track was such as to cause a spotted car to move or drift toward the main track unless an efficient brake was properly set. The burden of making this proof was upon plaintiff. As conceded upon oral argument, defendant is under no obligation to adduce any evidence until plaintiff has made a prima facie case. Plaintiff did not make the necessary proof. The only evidence as to a slope of the spur track is the testimony of three members of plaintiff's crew, who testified as follows. The conductor said the spur slopes to the west; the fireman that it slopes away from the main track, and the engineer that it is an incline to the west. An incline

137

is a slope. (Century Dictionary.) The same authority defines slope, a verb, as "to bend down, direct obliquely, incline, slant," and slope, a noun, as "an oblique direction, obliquity, slant, especially a direction downward." Plaintiff used slope in the sense of a direction downward when he testified that a car on a slope would drift if the brake was defective. Drift of the coal car toward the main track was impossible under the uncontradicted evidence that the spur track sloped to the west and away from the main track. Plaintiff's counsel now claim that no proof was required because of admissions by defendant's counsel in his opening statement. The language relied upon is: "Now I notice what Mr. Fuerst said on how the car got there. I do not know if it was put there or whether it had drifted there. In other words, if the brakes were defective in holding the car." "I do not know" is not an admission of facts as to which counsel declares his lack of knowledge.

 In support of his action under the Boiler Inspection Act plaintiff testified that the light on the rear of the tender was out of focus, throwing its rays up instead of down toward the track. Members of plaintiff's crew contradict this testimony, and an issue of fact to be determined by the jury was created if this alleged defect in the light can be made the basis of an action under the Boiler Inspection Act. Under that Act the Interstate Commerce Commission is empowered to make rules and regulations by which the fitness for service of a locomotive, its boiler, tender and all parts and appurtenances thereto shall be determined. *Napier v. Atlantic Coast Line R. Co.*, 272 U. S. 605. These regulations have the force of law and are judicially noticed. *Lilly v. Grand Trunk Western R. Co.*, 317 U. S. 481. Strict compliance with the rules and specifications of the commission is fulfilment of the carrier's duty. *Auschwitz v. Wabash Ry. Co.*, 346 Ill.

190; *Mahutga v. Minneapolis, St. P. & S. S. M. R. Co.,* 182 Minn. 362; *Atchison, T. & S. F. R. Co. v. Scarlett,* 300 U. S. 471. Rule 129(a) of the Interstate Commerce Commission prescribes specifications for the headlight on a locomotive used in road service. 129 (b) is as follows: ''Each locomotive used in road service, which is regularly required to run backward for any portion of its trip, except to pick up a detached portion of its train, or in making terminal movements, shall have on its rear (a) headlight which shall meet the foregoing requirements.'' Rule 131 of the commission, relied upon by plaintiff, is limited to lights on locomotives used in yard service and it has no application to the present case because the movements of the engine on which plaintiff was riding were not in yard service. In an instruction approved by Supreme Court in *Tiller v. Atlantic Coast Line R. Co.,* 323 U. S. 574, movements of an engine in a yard to classify cars and make up a train were held to be in yard service, but movement of a road engine backing into a siding for the purpose of getting out of the way of the yard engine was not a movement in yard service. Here the interstate train to which the engine with which plaintiff was working was to be attached had been made up by the yard crew. Plaintiff's engine was backing up to couple to the train and move it to Bellevue, Ohio. Its movements were within the exceptions stated in 129(b) *supra,* and no headlight was required. Defendant being under no obligation under the Boiler Inspection Act to provide a light on the rear of the tender, it is not liable under that Act if a light installed, but not required by the Act, was not properly focused. No claim can be made that the projection of the rays of this light into the air created an ''unnecessary peril to life or limb'' in the operation of the engine.

 Giving the instructions permitting recovery under the Safety Appliance and Boiler Inspection

Acts requires a reversal of the judgment. Plaintiff's contributory negligence, if any, was a matter for the jury. Under the Acts last mentioned it cannot be asserted as a defense or in mitigation of damages. It must be considered in reduction of damages under the Federal Employers' Liability Act. The damages awarded are large and it may be that the jury, relying on the instructions relating to the Safety Appliance and the Boiler Inspection Acts, failed to consider the question of contributory negligence in making the award.

The judgment is reversed and the cause remanded for further proceedings in conformity with this opinion.

*Reversed and remanded.*

Tuohy, P. J., and Feinberg, J., concur.