CHARLES S. MACY,

*Plaintiff and Respondent,*

vs.

IRA W. BILLINGS,

*Defendant and Appellant.*

(No. 2695; November 8th, 1955; 289 Pac. (2d) 422)

For the defendant and appellant the cause was submitted on the brief of C. L. Bates of Rawlins, Wyoming.

For the plaintiff and respondent the cause was submitted on the brief of William N. Brimmer of Rawlins, Wyoming.

. OPINION

BLUME, Justice.

This is an action for damages brought by plaintiff against defendant arising out of an automobile collision, the plaintiff alleging as one of the reasons for recovery that defendant traveled on the wrong side of the road at the time of the collision. The case was tried to the court without a jury. The court made a general finding in favor of the plaintiff and against the defendant and rendered judgment against defendant for $825.89 and costs. From that judgment the defendant has appealed.

The collision occurred about twenty miles south of Creston Junction in Carbon county, Wyoming. The plaintiff was driving a Buick automobile and was traveling south. The defendant was driving a Ford pickup truck and was traveling north. The oiled part of the road was eighteen feet in width. There was snow on the road as well as in the borrow pits. It was snowing and the visibility was poor. There were bare spots, however, along the edges of the road by which the road itself could be noticed. The plaintiff testified that he drove within a few inches of the west side of the road

—his own side; that he saw the pickup truck when it was within about twenty-five feet of him; that he then put on the brakes, slowed his car; but that his car collided with the truck, smashing the front part of his car, and causing other damages. The defendant testified that while he was traveling north he met a snowplow traveling south which threw up a cloud of snow making it impossible for him to see; that he passed the snowplow safely; that he continued his path straight ahead; that almost immediately after the snowplow had passed him, he saw the Buick car and the collision occurred; that in view of the fact that he safely passed the snowplow and continued straight on his way, he was on his right side of the road—in other words that the Buick car was on the wrong side of the road. He was corroborated by the witness Hays and to some extent by the witness Jones. Plaintiff denied that any snowplow was immediately ahead of him. That is corroborated by the highway patrolman.

However, aside from the fact that here appears a conflict of testimony, the verity of which was to be resolved by the trial court, the contention of the defendant is contradicted by a substantially uncontroverted physical fact. Highway patrolman Peterson was called and arrived at the scene of the collision within about half an hour thereafter. According to his testimony, which is not contradicted, both cars were then standing in plantiff's lane of travel—the west lane; they were still together, interlocked, and had to be pulled apart. The Prestone which had leaked from both cars was about in the center of the west lane; the pickup truck, standing somewhat at an angle, had to be moved only a few feet in order to clear the east lane of traffic for other cars to pass. This would seem to show conclusively that the defendant's truck was not in its proper lane of traffic.

Counsel for the defendant contends that the latter was confronted by an emergency which he met the best way he could, and that the mere fact that he may have swerved somewhat to his left cannot alone hold him responsible. He cites a note in 6 A.L.R. 680 which states:

" * * * an automobile driver, who by the negligence of another and not by his own negligence is suddenly placed in an emergency and compelled to act instantly to avoid a collision or injury, is not guilty of negligence if he makes such a choice as a person of ordinary prudence placed in such a position might make, even though he did not make the wisest choice." It is doubtful that the note is applicable here since it does not appear that the driver of the snowplow was negligent, and according to the court's finding, the plaintiff was not negligent. Counsel also cites the case of Johnson v. Prideaux, 176 Wis. 375, 187 N.W. 207, where it was held that when the defendant was enveloped by a cloud of dust and brought his car to a stop as soon as possible but inadvertently swerved his car into the wrong lane of travel that itself did not make him liable since he met the emergency as best he could. In that case it appears that the plaintiff saw that defendant was enveloped by a cloud of dust but continued driving until he hit the defendant's car. The facts in this case are not the same. We fully recognized the rule of a sudden emergency in the case of Wells v. McKenzie, 50 Wyo. 614, 62 P. 2d 305. And it may be that if the defendant's testimony were true there might have been some grounds for the trial court to absolve him from responsibility for the collision. But the court evidently did not credit that testimony, and we are bound by that holding. The physical facts would seem to indicate that the defendant did not slightly "swerve" from his course by reason of an emergency as counsel for defendant would have us believe that he was traveling on the wrong side of the road at the time of the

collision as well as before that time, when, by reason of the fact that the visibility was poor, he should have observed special care to stay on his side of the road. See Templar v. Tongate, 71 Wyo. 148, 255 P.2d 223.

Counsel alleges as error that highway patrolman Peterson was permitted as an expert to testify that the defendant was the cause of the collision. It is doubtful that there was sufficient testimony in the record to show that Peterson was an expert. The mere fact that a person is a highway patrolman does not necessarily show that he is such an expert. In this case Peterson became a highway patrolman in September 1951, and the collision in question occurred the following February. For aught that appears, he never saw a collision before. However, "the question of whether an expert witness is qualified rests largely in the judicial discretion of the trial court," 9C Blashfield, Cyclopedia of Automobile Law and Practice 511; and we do not feel warranted to reverse the cause herein simply because the court considered Peterson an expert.

Peterson testified he considered that the defendant was the cause of the collision. No objection to the particular question calling for that answer was interposed, although the course of examination showed that the court considered that question as not objectionable. That answer stated the ultimate fact which the court was called upon to answer, and the general rule undoubtedly is that "an expert witness must not take the place of the jury and declare his belief as to the ultimate fact to be determined by it." 9C Blashfield, Cyclopedia of Automobile Law and Practice 508. See the lengthy discussion of the subject in 20 Am. Jur. 653. In 9C Blashfield, Cyclopedia of Automobile Law and Practice 506, it is stated: "Normally, expert testimony is inadmissible to show how and where an accident

took place, or the position of the automobiles." Beckman v. Schroeder, 224 Minn. 370, 28 N.W. 2d 629, is cited. In Moniz v. Bettencourt, 24 Cal. App. 2d 718, 76 P.2d 535, syllabus 6 states as follows:

"Courts look with disfavor upon expert testimony reconstructing automobile collision from physical and mathematical facts on ground that complete knowledge of exact speed, course of wind, and force of impact, is impossible, and that reaction of human mind under a certain set of circumstances cannot be established."

See also Johnston v. Peairs, 117 Cal. App. 208, 3 P.2d 617; Long v. Shafer, 162 Kan. 21, 174 P.2d 88; and in Billington v. Schaal, 42 Wash. 2d 878, 259 P.2d 634, 637, the court stated:

"It is not proper to permit a witness to give his opinion on questions of fact requiring no expert knowledge, when the opinion involves the very matter to be determined by the jury, and the facts on which the witness founds his opinion are capable of being presented to the jury."

We need not, however, investigate the subject before us too closely. Even if it was error to permit the foregoing testimony of the highway patrolman, it does not necessarily follow that it was prejudicial. We said in Williams v. Yocum, 37 Wyo. 432, 263 P. 607, 611:

"Stated in another way and in general terms, the great weight of authority seems to support the principle that, where there is sufficient competent evidence to sustain a finding in a case tried by the court without a jury, admission of incompetent evidence is not ordinarily a ground for reversal."

We affirmed that rule in Russell v. Curran, 66 Wyo. 173, 206 P.2d 1159. See also 3 Am. Jur. 505; 5 C.J.S.

405, 406, 407. There is ample, competent testimony in the record to sustain the finding of the trial court; and there is nothing in the record which shows that the court did not decide the case upon such testimony. We think the judgment was right, and it is accordingly affirmed.

*Affirmed.*

RINER, C. J., and HARNSBERGER, J., concur.