Roy G. LOGAN et al., Appellants
(Plaintiffs below),

v.

PACIFIC INTERMOUNTAIN EXPRESS COMPANY, a Nevada corporation, Appellee (Defendant below),

Zanetti Bus Lines, Inc., a Wyoming corporation, and Nellie Horton, Administratrix of the Estate of Joe E. Weimer, Deceased, (Defendants below).

Nos. 3315–3347.

Supreme Court of Wyoming.
March 18, 1965.

Nelson & Jackson, Venta, Bath & Murray, Kenneth G. Hamm and Robert H. Johnson of Galicich & Hamm, John M. Anselmi, Rock Springs, Hirst & Applegate, Cheyenne, for appellants.

Murane, Bostwick, McDaniel & Scott, Casper, for appellee.

Before PARKER, C. J., and HARNS-BERGER, GRAY, and McINTYRE, JJ.

GRAY, Justice.

These appeals are companion to the case of Zanetti Bus Lines, Inc., v. Logan, Wyo., 400 P.2d 482, this day decided. Both groups of cases grow out of the same motor vehicle accident. By way of background, reference is made to the Zanetti opinion containing a general statement of the facts and circumstances surrounding the accident, and also setting forth in a general way the proceedings below. The statement is sufficient to furnish general information with respect to these appeals and will not be repeated except to say that in this case the plaintiffs in the thirty-three described actions appeal from the judgments entered upon the verdicts of the jury exonerating defendant Pacific Intermountain Express Company (hereinafter called P.I.E.) from liability.

Plaintiffs in their complaints charge generally that P.I.E. operated its truck negligently and in violation of the laws of this state and the rules and regulations of the Interstate Commerce Commission in that it was driven at an excessive rate of speed, without due regard for the condition of the highway; that there was improper lookout; and that there was lack of proper control. P.I.E. denied the charges and asserted certain affirmative defenses with which we need not be concerned.

While plaintiffs complain that the verdicts and judgments are contrary to law and the evidence, it is not argued that the verdicts and the judgments are not sustained by substantial evidence. Rather, the point made is that even though we might determine that each of the asserted thirty-two procedural errors, standing alone, was insufficient to warrant reversal, the cumulative effect was such as to prejudice plaintiffs in their rights to a fair trial. Before undertaking to dispose of this contention it appears appropriate separately to discuss certain of the errors claimed.

The principal one advanced by plaintiffs, and to which the major portion of their brief is devoted, is the refusal of the trial court to admit into evidence their Exhibit No. 44 which sets forth verbatim §§ 192.1, 192.3, and 192.14 of the "Revised Safety Regulations" of the Interstate Commerce Commission pertaining to the opera-

tion of motor vehicles in interstate commerce. The exhibit was offered near the close of plaintiffs' case.

In substance § 192.1 provides for instruction of drivers, and others, with respect to compliance with the rules. Section 192.3 provides that all motor vehicles shall be operated in keeping with local laws unless such laws are at variance with commission regulations "which impose a greater affirmative obligation or restraint." Section 192.14 is primarily the section upon which plaintiffs' contentions are based, and the pertinent part of such section provides as follows:

> "Extreme caution in the operation of a motor vehicle shall be exercised when hazardous conditions, such as those caused by snow, ice, sleet, fog, mist, rain, dust, or smoke, adversely affect visibility or traction. Speed shall be reduced when such conditions exist. If conditions become sufficiently dangerous, the operation of the vehicle shall be discontinued and shall not be resumed until the vehicle can be safely operated. * * *"

█ The trial court rejected the exhibit on the ground that the requirements therein set forth were not applicable to the issues in the case and on the further ground that the exhibit lacked evidentiary support. We agree with the trial court that a large portion of the exhibit was wholly immaterial. No evidence was introduced or offered by plaintiffs tending to show that the driver of P.I.E.'s truck was not conversant with the prescribed safety requirements. Whether or not there was a variance between those regulations and applicable local law was a question of law for the court, not a factual question for the jury. With respect to § 192.14 plaintiffs' own evidence, elicited from several witnesses, was to the effect that all of the elements mentioned in the regulation did not adversely affect visibility at the time of the accident. We think plaintiffs recognize this in that their entire argument is premised on the claimed lack of traction

because of the icy condition of the highway. Consequently, even though the provisions with respect to traction conceivably might have had some applicability, the preponderance of the matters contained in the exhibit was not relevant and for that reason we cannot say that the court erred in excluding it as a whole. Furthermore, sufficient is shown by the record to disclose that the trial court reached a proper result, notwithstanding that the reasons given for excluding the exhibit might have been erroneous to some extent. Under those circumstances plaintiffs could not have been prejudiced by the ruling. Lawson v. Schuchardt, Wyo., 363 P.2d 90, 93.

█ In this connection we first point out the agreement of the parties that the foregoing safety regulations of the Interstate Commerce Commission, when applicable, have the force and effect of law. Many authorities sustain their position. For just a few see: Atchison, T. & S. F. Ry. Co. v. Scarlett, 300 U.S. 471, 57 S.Ct. 541, 543, 81 L.Ed. 748, rehearing denied 301 U.S. 712, 57 S.Ct. 787, 81 L.Ed. 1365; Tri-State Casualty Ins. Co. v. Loper, 10 Cir., 204 F.2d 557, 559; Bussell v. Missouri Pacific Railroad Co., 237 Ark. 812, 376 S.W.2d 545, 549; Bailey v. Bruneau's Truck Service, Inc., 149 Conn. 46, 175 A. 2d 372, 376; Woods v. New York, C. & St. L. R. Co., 339 Ill.App. 132, 88 N.E.2d 740, 743, certiorari denied 340 U.S. 830, 71 S.Ct. 48, 95 L.Ed. 610; Hiatt v. Wabash Ry. Co., 334 Mo. 895, 69 S.W.2d 627, 631, certiorari denied Wabash Ry. Co. v. Hiatt, 293 U.S. 560, 55 S.Ct. 72, 79 L.Ed. 661.

█ Seemingly the parties also agree that state courts, as a general rule, take judicial notice of such regulations. Both the brief of plaintiffs and that of P.I.E. cite authorities to that effect. However, informative as those authorities appear to be, we find it unnecessary to discuss them. So far as we are concerned the matter is rather academic. If as the parties agree the rules so prescribed constitute federal law regulating the operation of a motor vehicle in interstate commerce upon the

highways of this state, then such regulations when applicable are as much a body of the law of this jurisdiction as would be true of similar regulations prescribed by enactments of our own legislature. Thus the trial court had no alternative but to notice the Interstate Commerce Commission regulations as a part of the law of the forum.

Now we are not unaware that in certain instances the trial courts may have difficulty in becoming informed as to the federal law upon a particular subject matter. Rules and regulations of federal agencies having the force and effect of law are not always available. Nevertheless, that fact affords little excuse to depart from the rudiments of a fair and proper procedure for getting such matters before the court in a jury trial. We see no reason why it should not be done in the same manner as set forth in §§ 1–181 and 1–182, W.S.1957, of the Uniform Judicial Notice of Foreign Law Act, Tit. 1, Ch. 12, Art. 8, W.S.1957. Those sections provide as follows:

"The court may inform itself of such laws in such manner as it deem proper, and the court may call upon counsel to aid it in obtaining such information."

"The determination of such laws shall be made by the court and not by the jury, and shall be reviewable."

That method is particularly appropriate where as here there was no dispute that the regulations in question were in existence and that P.I.E. was subject to the regulations. And in this connection plaintiffs can scarcely be heard to complain that the court was not fully informed or failed to give consideration to the matter. The regulations were set forth verbatim in their complaint. Copies of the three sections in question were produced at the pretrial conference and all parties agreed that they were true and correct copies. They were also set forth verbatim in a stipulation of the parties at the trial.

■ For the trial court to have admitted the exhibit under the foregoing circum-

stances would have been an absurdity. It would have taken from the trial court its prerogative and duty to instruct the jury upon the law of the case. Not only that, it would have endowed the jury with a roving commission to determine the law on its own. Spriggs v. Cheyenne Newspapers, 63 Wyo. 416, 182 P.2d 801; State, for Use of Emerson v. Poe, 171 Md. 584, 190 A. 231, 239; Texas State Board of Registration for Professional Engineers v. Dalton, Hinds & O'Brien Engineering Co., Tex. Civ.App., 382 S.W.2d 130, 134, 135–136.

■ Further than this, if the ruling was disruptive of plaintiffs' theory of the case, they had the right and the obligation under Rule 51, Wyoming Rules of Civil Procedure, to submit to the court for its consideration a proper, written instruction embracing their theory of the applicability of the regulations of the Interstate Commerce Commission to the factual issues in the case. That was not done. On the contrary, they requested and obtained an instruction on ordinary care. If, as they argue here, a higher or different standard of care was prescribed by the Interstate Commerce Commission regulations than the standard prescribed by the law of Wyoming, a matter we do not decide, it was incumbent upon them to see that it was presented to the jury in a proper manner. Not having done so, they must be held to have waived the claimed error.

■ Plaintiffs also complain that the court erred in admitting in evidence several photographs of the P.I.E. truck and certain broken parts taken in Salt Lake City, Utah, a few days after the truck had been removed from the scene of the accident. The photographs in question were produced and marked for identification at the pretrial conference. There the understanding was reached that P.I.E. would call a qualified witness at the trial for purposes of further identification and on the basis of that understanding further foundation was waived. In keeping therewith P.I.E. called Mr. Lee Kuling, one of its employees charged with the duty of in-

vestigating accidents. While it is true that the witness Kuling arrived at the scene some two and one-half hours after the accident and after the Zanetti bus had been removed, he testified that the P.I.E. truck had not been moved and that he had spent considerable time in investigating the extent of the damage to the truck resulting from the collision. He also testified that each photograph correctly portrayed what he had observed from his inspection. Plaintiffs' attack upon the exhibits consists principally of argument that in certain respects this was not so. Such an objection goes more to the weight to be given to the photographs than to the matter of foundation.

In view of the foregoing, we are not convinced that the trial court erred in concluding that sufficient foundation had been laid for the exhibits and that they were pertinent to factual issues in the case. We have always been liberal in this respect. Edwards v. Harris, Wyo., 397 P.2d 87, 94; Metcalfe v. Winchester, 72 Wyo. 142, 262 P.2d 404, 411–412. Whether the photograph has been sufficiently verified at the time it is offered is a question resting primarily with the trial court. 9 Am.Jur. Proof of Facts, p. 169 (1961). In this connection we might also mention plaintiffs' complaint with respect to their Exhibit No. 6. This was a photograph of the Weimer car offered but not received in evidence under substantially the same circumstances as the P.I.E. exhibits. Actually this appears to be the principal grievance of plaintiffs with the P.I.E. exhibits. The difficulty with plaintiffs' position is that at the time it was offered the identifying witness was not present and the objection of P.I.E. that it had not been afforded an opportunity to cross-examine as to foundation was sustained. However, in so ruling the court advised plaintiffs that they would be permitted to recall the witness further to qualify the exhibit. This was not done and under those circumstances plaintiffs can hardly be heard to complain. The error, if any, could have been remedied simply by recalling the witness as suggested by the court.

Another of plaintiffs' contentions is a threefold attack upon the expert testimony of P.I.E.'s witness Albert Mitter. Prejudice is claimed in that the witness (1) was not qualified to express an opinion, (2) the question answered related to matters of common knowledge, and (3) the opinion was based on speculation and surmise. Briefly the contention is premised upon the answer of the witness to a hypothetical question that the truck-tractor could not be steered with four broken spring hangers and a cracked steering worm box broken from the frame. As we have said before, these matters rest largely with the discretion of the trial court. Culver v. Sekulich, 80 Wyo. 437, 344 P.2d 146, 152; Macy v. Billings, 74 Wyo. 404, 289 P.2d 422, 424. Regardless of the modest statement of the witness that he was "not an expert on collisions," there was ample to support the conclusion that through many years of experience in the operation and repair of trucks he had acquired special knowledge of the consequences generally resulting from damage to parts affecting the steering. As to the matters being of "common knowledge," this was not a light passenger car in common use. It was a tractor designed and equipped to haul and control a trailer carrying a 58,000-pound load. We doubt that an average juror would have familiarity with these matters, and we are inclined to agree with the trial court that it was a proper subject of expert testimony. Concerning the basis for the question propounded, there was evidence that the spring hangers were broken and there was testimony by the driver that after the impact with the Weimer car, "I turned to my left and turned to my right, and I got no response" from the steering mechanism. Having in mind the pronouncements made in Culver v. Sekulich, supra, we cannot say that the court erred in permitting the question to be answered.

■ We come now to the closing argument of counsel for P.I.E. On three or four occasions counsel, in discussing the actions taken by the driver of the truck when the Weimer car going east "fish-tailed" across the highway into the westbound lane in front of P.I.E.'s truck, inquired of the jury, "What would you do" under such circumstances? Plaintiffs complain that such argument was prejudicial because it gave to the jury an improper conception of the standard of care upon which it had been instructed by the court. When it is considered that the jury was instructed on the basic proposition that the standard was that of a reasonable man of ordinary· prudence under all of the circumstances, it may appear to the uninitiated that the objection was rather superficial. Nevertheless, plaintiffs' complaint is not without some merit. The mischief of such an argument is that it tends to influence jurors to depart from their role of impartiality and step into the shoes of a litigant. As a general rule such a practice is condemned and, depending upon the circumstances, may or may not be prejudicial. British General Insurance Company v. Simpson Sales Company, 265 Ala. 683, 93 So.2d 763, 768; Fisher v. Williams, Mo., 327 S.W.2d 256, 263–264; Annotations 70 A.L.R.2d 937, 945. The question is not susceptible of a ready answer. Much is left to the discretion of the trial court. Bunce v. McMahon, 6 Wyo. 24, 42 P. 23, 26–27. And here, of course, one difficulty with plaintiffs' contention that the argument was highly prejudicial is the ruling of the trial court on a motion for new trial. In effect the court held that the argument was not prejudicial. Be that as it may, we are not persuaded that we would be warranted in departing from the rule usually followed in this jurisdiction. If we are to review the matter, timely objection must be made during the course of the argument. Reasons for the rule are explained in State v. Spears, 76 Wyo. 82, 300 P.2d 551, 561–562, and Edwards v. Harris, Wyo., 397 P.2d 87, 95. Plaintiffs did not meet the rule and as a result we are constrained to hold that the question is not properly before us.

In addition to the claimed errors above discussed, plaintiffs present and argue several others pertaining to the admission and exclusion of evidence. With respect to those we are of the view that no good purpose would be served by further discussion. We have carefully examined the record in the light of all of the contentions made and we find ourselves in disagreement with plaintiffs' general approach that the claimed errors singly or cumulatively prejudiced plaintiffs in their rights to a fair trial. Accordingly, the judgments entered by the trial court in the several cases must be affirmed. Rule 61, W.R.C.P.

Affirmed.