**Donald Dwight REED, Lois I. Reed, Donald Dwight Reed II, d/b/a Downing Reed Agency, Appellants (Defendants),**

**United Fire & Casualty, an Iowa corporation, (Defendant),**

v.

**Lloyd E. HUNTER and Kathleen Hunter, Appellees (Plaintiffs).**

**UNITED FIRE & CASUALTY, an Iowa corporation, Appellant (Defendant),**

**Donald Dwight Reed, Lois I. Reed, Donald Dwight Reed II, d/b/a Downing Reed Agency, (Defendants),**

v.

**Lloyd E. HUNTER and Kathleen Hunter, Appellees (Plaintiffs).**

**Nos. 5813, 5814.**

Supreme Court of Wyoming.

May 20, 1983.

A. Joseph Williams of Guy, Williams, White & Argeris, Cheyenne, for appellants in No. 5813.

Raymond B. Hunkins of Jones, Jones, Vines & Hunkins, Wheatland, for appellees.

Before ROONEY, C.J., and RAPER, THOMAS, ROSE and BROWN, JJ.

THOMAS, Justice.

This case raises issues with respect to the qualifications of an expert witness and the scope of his testimony in the context of an action brought to recover damages based upon a breach of an oral binder or contract to obtain fire insurance coverage on a dwelling or for negligence in failing to effect coverage. The district court recognized the qualification of the proffered witness as an expert with respect to the role of an agent in the insurance business. The witness then was permitted to testify in substance that the appellants had violated a duty which they owed to the appellees. This appeal is taken from a judgment which awarded appellees damages in the amount attributable to a fire in their recently purchased home for which the appellants had not obtained insurance coverage. We shall affirm the judgment and the rulings of the district court.

The appellants phrase the issue in their brief as follows:

"The issue presented for appeal is whether the trial court committed prejudicial error in permitting appellees/plaintiffs' expert to testify as to his opinion and in refusing to strike his testimony."

The appellants urge in presenting this issue that the expert witness was not properly

qualified because he did not possess adequate knowledge of the practice of other insurance agents in Wheatland where his business. was located. Proceeding, then, with arguments against his testimony, the appellants urge that he should have been restricted in giving his opinion to reliance upon other evidence presented in the court room, and that he was permitted to testify with respect to the ultimate issue for the jury to decide when he gave his opinion. The appellants contend that this error had an impact upon the verdict for breach of contract, as well as the verdict for negligence.

In their answering brief the appellees state the question thusly:

"The sole issue presented in this appeal is whether the trial court abused its discretion in permitting an expert witness to express his opinion on the issue of negligence and, later, in refusing to strike that witness' testimony."

In answering the contentions of the appellants, the appellees contend that the witness properly was permitted to testify as an expert within the discretion of the district judge, and that his testimony was not improper in light of the Wyoming Rules of Evidence as well as case authority.

The Hunters had successfully bid on a home located in Torrington, Wyoming, and offered for sale at an estate auction. Mr. Hunter recently had retired, and the Hunters planned to move to the home in Torrington, which was to be their retirement home. Before the sale was closed with the estate an employee of the Downing Reed Agency telephoned the Hunters about homeowner's insurance on their newly acquired home. Downing Reed Agency is an insurance business operated by a partnership composed of the individual appellants. The homeowner's insurance on the house had been carried by United Fire and Casualty prior to the sale by the estate. The policy had been written by Downing Reed Agency, and the employee who called the Hunters was familiar with the coverage.

The Downing Reed Agency employee had been acquainted with the Hunters for a number of years and called them at the request of the elder Mr. Reed. The employee told Mrs. Hunter that Downing Reed Agency carried the insurance on the home they were planning to buy from the estate and asked whether they wanted to continue the insurance after the transaction had been closed. Mrs. Hunter informed the employee of Downing Reed Agency that they did want to continue the coverage, and the employee then advised that in her opinion the coverage limits were not adequate. Mrs. Hunter then handed the telephone to Mr. Hunter to discuss the desired amount of insurance coverage.

With respect to this aspect of the telephone conversation, Mr. Hunter testified that an agreement was reached over the telephone to continue the insurance coverage on the house. He further concluded that the property was under-insured at the figure of $37,000, and requested that the coverage be increased to $50,000, which was in accordance with the Downing Reed Agency employee's recommendation. Mr. Hunter told the employee of Downing Reed Agency that the sale was to be closed the following weekend, and that he would plan to pay the insurance premium as soon as possible after closing.

The sale of the house was closed with the estate on Saturday October 10, 1981. On the following Monday, which was October 12, 1981, Mr. Hunter drove to Torrington to begin moving some of the family possessions into the Torrington home and also to commence some minor repairs. He drove by the Downing Reed Agency, planning to pay them for the insurance premium, but the offices appeared to him to be empty. He concluded that the agency was closed because of the Columbus Day Holiday, and he did not stop, but continued on his way back to the town of Lingle, where he and his wife then were living. At about midnight that night a fire occurred which caused severe damage to the home in Torrington.

The following morning the Hunters went to the Downing Reed Agency to tell the insurer of their loss due to fire. At that

time no question was raised with respect to whether the house was insured as a result of the earlier telephone conversation. On Wednesday October 14, 1981, Mr. Hunter presented the agency with a check for the insurance premium. United Fire and Casualty later denied liability for the loss caused by the fire, claiming that there was no coverage in effect. The action which is the subject of this appeal then was commenced by the appellees to enforce their claim of coverage and breach of the insurance contract, or alternatively their claim for negligence on the part of Downing Reed Agency in failing to obtain coverage.[1]

Discovery was conducted in the action, and a motion for summary judgment submitted on behalf of United Fire and Casualty was denied by the district court. The parties then stipulated that the appellants and United Fire and Casualty would be allowed to file cross-claims against each other for indemnity in the event that either might be found liable to the Hunters on their complaint. Those cross-claims are not a part of this appeal. They were disposed of following the judgment in favor of the Hunters in a separate hearing in which only the appellants and United Fire and Casualty participated. Although United Fire and Casualty filed a notice of appeal, it apparently concluded to abandon that appeal following the granting to it of a judgment against the Reeds for indemnity. United Fire and Casualty did not file a brief or present oral argument, and pursuant to Rule 5.11, W.R.A.P., its appeal is deemed dismissed for want of prosecution.

The suit by the Hunters proceeded to trial on August 10, 1982, and a verdict was returned by the jury in favor of the Hunters and against the appellants on August 13, 1982. The jury found for the Hunters on both the issues of negligence and breach of contract. After judgment was entered on the verdict by the district court, United Fire and Casualty filed a motion for judgment notwithstanding the verdict and for a new trial, which was denied, and this appeal then was taken by the Reeds.

The issues posed arise from the presentation during the trial of testimony of an insurance agent from Wheatland, Wyoming, tendered as an expert witness by the Hunters on the practice of telephone solicitation of homeowner's insurance coverage. The district court found this witness was qualified to testify as an expert and permitted him to state his opinion, over objection of the appellants, on the issue of whether proper procedures were followed with respect to the insurance coverage in the case. Very succinctly, when asked his opinion as to whether proper procedures were followed in this case, the witness testified that the appellants "blew it" with respect to the Hunter's insurance coverage.

In the course of cross-examination counsel for the appellants endeavored to limit the basis for the expert's opinion to only that evidence which had been presented during the trial. The witness, who had reviewed discovery materials, responded that he was not able to give his opinion solely on that basis because he had relied on other information disclosed to him prior to the trial. A motion then was made to strike his testimony, but the motion was denied. These facts present the record background for the position of the appellants before this court. They argue abuse of discretion in permitting the witness to testify as an expert and error in refusing to strike his testimony because the opinion was not properly based only upon other evidence presented in court.

■ While the appellants eschew the Wyoming Rules of Evidence, adopted for practice in Wyoming effective January 1, 1978, and instead premise their position upon case authority, we must treat with cases such as this under the Wyoming Rules of Evidence. Rule 702, W.R.E., pertains to the appellants' claim that the district court should not have permitted the witness to testify as an expert. It provides:

> "If scientific, technical, or other specialized knowledge will assist the trier of fact

---

1. The bases for the substantive liability of the appellants in such an instance are set forth in *Hursh Agency v. Wigwam Homes*, Wyo., —— P.2d —— (No. 5827, decided May 19, 1983.)

to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."

The appellants do not argue that expert testimony on the subject of telephone solicitation of homeowner's insurance policies does not come within the scope of this rule, but rather their position is that this witness was not sufficiently qualified by knowledge, skill, experience, training, or education to be an expert. Whether a witness such as this is so qualified is a matter vested within the discretion of the trial court, and the exercise of that discretion will not be disturbed on appeal unless it is clearly and prejudicially erroneous, and then only in extreme cases. *Coronado Oil Company v. Grieves,* Wyo., 642 P.2d 423 (1982); *Ferris v. Myers,* Wyo., 625 P.2d 199 (1981). See *Taylor v. MacDonald,* Wyo., 409 P.2d 762 (1966); *Macy v. Billings,* 74 Wyo. 404, 289 P.2d 422 (1955); and *Morrison v. Cottonwood Development Co.,* 38 Wyo. 190, 266 P. 117 (1928).

■ The record in this case demonstrates that this witness had considerable training and experience in the business of selling homeowner's insurance. It further shows that he was familiar with the practices followed by others in his occupation in telephone solicitation of potential customers. The witness had worked in the insurance business as an insurance agent for six years in the community of Wheatland, Wyoming, the county seat of neighboring Platte County, and approximately 30 percent of his business involved the writing of homeowner's insurance. The trial court allowed extensive voir dire examination such as that approved in *Ferris v. Myers, supra,* 625 P.2d at 204, to test the adequacy of the qualification of the expert and the foundation for his opinion. We conclude that a proper foundation was presented to justify the recognition of the witness as an expert by the trial court and that it did not abuse its discretion in permitting him to testify as an expert.

The appellants, however, contend that even if it were proper to permit the witness to testify as an expert the trial court should have stricken his testimony because by his admission it was not based solely upon other testimony or evidence admitted during the trial, and further because it embraced the ultimate issue of liability, which was to be decided by the jury. In presenting this argument the appellants also eschew the Wyoming Rules of Evidence. We quote pertinent sections of those rules:

"Rule 703. Bases of opinion testimony by experts.

"The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence."

"Rule 704. Opinion on ultimate issue.

"Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."

"Rule 705. Disclosure of facts or data underlying expert opinion.

"The expert may testify in terms of opinion or inference and give his reasons therefor without prior disclosure of the underlying facts or data, unless the court requires otherwise. The expert may in any event be required to disclose the underlying facts or data on cross-examination."

■ As this court noted in *Krahn v. Pierce,* Wyo., 485 P.2d 1021 (1971), the purpose of the identical counterparts in the Federal Rules of Evidence was not to provide for blanket admissibility of expert opinion testimony. The trial court remains vested with discretion in deciding whether to exclude such testimony because it is deemed unnecessary or not helpful to the trier of the factual issues in reaching an independent conclusion as to the facts. The adequacy of any foundation for such opin-

ion testimony is subject to scrutiny through cross-examination. *Wilhelm v. Lake,* Wyo., 630 P.2d 499 (1981); *Chrysler Corporation v. Todorovich,* Wyo., 580 P.2d 1123 (1978). The trier of fact must decide what weight is to be given to expert testimony, and it still remains the duty of the trier of the factual issues, whether jury or judge, to determine the credibility of all witnesses, including expert witnesses, and to evaluate the testimony of each in reaching its verdict. *Creek v. Town of Hulett,* Wyo., 657 P.2d 353 (1983). See *Mitchell v. Vondra,* Wyo., 448 P.2d 313 (1968); and *Ward v. Yoder,* Wyo., 355 P.2d 371, reh. denied 357 P.2d 180 (1960).

We do pause to comment upon what is perceived to be a shift in philosophy with respect to expert testimony under the Rules of Evidence as adopted in Wyoming. Commentators indicate that the philosophical approach represented by the Rules of Evidence is to facilitate the availability of information to the trier of fact. The exclusion of expert testimony is indicated only when it will not be helpful to the trier of fact. 3 Louisell and Mueller, Federal Evidence, § 380 (1979; 3 Weinstein's Evidence, ¶ 702[01] (1982).

In this instance we are unable to say that there was any abuse of discretion by the trial court in permitting this expert witness to state his opinion with respect to an area in which he was by training and experience possessed of special knowledge. This was of assistance to the jury in understanding the evidence and in making the determinations which it was charged to make. Rule 703, W.R.E., specifically permits an expert to rely upon information other than that produced at trial in reaching his opinion. Prior disclosure of the facts or data upon which the opinion is based is not required under Rule 705, W.R.E., unless there is a specific requirement imposed by the trial court. The extent of the expert witness' knowledge and the basis of his opinion are subjected to scrutiny during the cross-examination of the witness.

In this case full opportunity was afforded the appellants to test the sufficiency of this witness' expertise and the underlying basis for the opinion. The trial court must assume the function of determining relevancy and admissibility of such testimony, and its exercise of its discretion with respect to that rule is not shown by this record to have been abused. *Madison v. Marlatt,* Wyo., 619 P.2d 708 (1980); *Chavez v. State,* Wyo., 604 P.2d 1341 (1979), cert. denied 446 U.S. 984, 100 S.Ct. 2967, 64 L.Ed.2d 841 (1980). Finally, although the expression of the ultimate opinion was in a rather dramatic form in this instance, the Rules of Evidence do not require such testimony to be stricken simply because it embraces the ultimate issue. Rule 704, W.R.E., is expressly contrary to the appellant's position and abolishes the "ultimate issue" objection. 3 Louisell and Mueller, Federal Evidence, § 394 (1979); 3 Weinstein's Evidence, ¶ 704[01] (1982).

The judgment is affirmed.